**WEN JIN LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,* Respondent.**

**No. 08–3470–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

Richard Tarzia, Belle Mead, NJ, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and WALKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Jin Lin, a native and citizen of the People's Republic of China, seeks review of a June 17, 2008 order of the BIA denying his motion to reopen. *In re Wen Jin Lin,* No. A070 892 266 (B.I.A. June 17, 2008). We assume the parties'

Attorney General Michael B. Mukasey as respondent in this case.

familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Lin's untimely motion to reopen.

Lin argues that the BIA erred in finding that he failed to demonstrate material changed country conditions or his *prima facie* eligibility for relief where it failed to adequately consider the evidence that he submitted in support of his motion. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, the BIA explicitly considered Lin's particularized evidence and reasonably found that such evidence did not indicate that he would be subject to sterilization by force or severe economic harm

amounting to persecution. *See Jian Hui Shao,* 546 F.3d at 172.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).